UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAWN HILL,  Plaintiff, | )<br>)<br>)<br>) 1:26-cv-02017<br>) Judge Franklin U. Valderrama<br>) Magistrate Judge Keri L. Holleb Hotaling<br>) Random/Cat 2 |
| v. | ) Case No.: _____ |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, MACQULINE KING, in her capacity of CEO of Chicago Public Schools, ILLINOIS STATE BOARD OF EDUCATION, PETER MEYERS, in his capacity as Hearing Officer for Illinois State Board of Education,  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FILED
FEB 23 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Dr. Dawn Hill ("Dr. Hill"), by and through pro se, pursuant to Federal Rule of Civil Procedure 65(b) and 735 ILCS 5/11-101 *et seq.*, hereby submit it Memorandum in Support of its Motion for a Temporary Restraining Order against Defendant Board of Education of the City of Chicago and Illinois State Board of Education, Peter Meyers, in his official capacity as Hearing Officer for Illinois State Board of Education.

### INTRODUCTION

Plaintiff Dr. Hill is the principal of Chicago's Wilma Rudolph Learning Center. Despite Dr. Hill's success over her 17 years of dedicated service to Chicago Public Schools, the Board of Education of the City of Chicago and Chicago Public Schools (herein, "Defendant" or "CPS") and Illinois State Board of Education Hearing Officer Peter Meyers (herein, "Defendant") have

1

scheduled a Principal Dismissal Hearing for March 3 and March 4, 2026 at 9:00 AM, at which Dr. Hill may be terminated.

Defendants' scheduled the Principal Dismissal Hearing threatens to cause irreparable harm to Dr. Hill. Alarmingly, Defendants have failed to provide Dr. Hill with the procedural rules which will govern the hearing nor her due process rights. In fact, Defendants entered into an agreement to schedule the hearing commencement and conclusion outside the statutory timelines that is void, unenforceable and unlawful and have failed to produce a mutual waiver of rights agreement. Moreover, the scheduled Principal Dismissal Hearing will deprive Dr. Hill of her due process rights under the Illinois Constitution and U.S. Constitution.

Significantly, the Board was required to use set rules to determine qualifications and selection of hearing officers. *See* 23 Ill. Adm. Code § 51.40(b)(1). As a condition of service, the hearing officer must be available to commence the hearing within 75 days and conclude the hearing within 120 days after being selected as hearing officer (Section 24-12(d) of the School Code); thus requiring both the Defendants to mutually agree to be available to commence the hearing in accordance with statutory timelines. *See* 23 Ill. Admin Code § 51.40(b)(1)

Defendant's failure to follow the rules required by the Administrative Code means that the planned Principal Dismissal Hearing against Dr. Hill violates Illinois law. *See* IAC § 51.40(b)(1). In short, unless Defendant is restrained and enjoined from conducting the Principal Dismissal Hearing on March 3 and March 4, 2026, Dr. Hill will be forced to appear for a hearing at which she may be terminated, without a valid, signed and properly dated Scheduling Order, without a mutual waiver of rights agreement, or even how the hearing will be conducted – this violates Illinois law and Dr. Hill's due process rights protected under the Illinois and U.S. Constitution. Moreover, Dr. Hill may be terminated, will be forced to pay for her own health

2

insurance, and will be precluded from making her pension contributions. In short, Dr. Hill will be irreparably harmed as a result of the delayed, hastily-scheduled Principal Dismissal Hearing.

In short, Dr. Hill's due process rights are the interests which will be irreparably harmed in the absence of an injunction. Plaintiff requests that this Court restrain Defendant from conducting a Principal Dismissal Hearing until Defendant produces a mutual waiver of rights agreement. If the Defendant cannot produce a mutual waiver of rights agreement (as Defendant is required to do under Illinois law), Plaintiff requests that this Court dismiss the Principal Dismissal Hearing with prejudice.

## STATEMENT OF FACTS

Since 2007-2022 and 2023-current, Dr. Hill has served as an educator and administrator in the Chicago Public Schools system. (Ver. Comp. § 14.) Dr. Hill has served the district in different positions including counselor, case manager, tennis coach, resident principal, special education director, assistant principal, and currently principal. (*Id.*)

Since July 1, 2023, Dr. Hill has served as the principal of Wilma Rudolph Learning Center ("Rudolph"), a specialty school that currently educates children with moderate, severe and profound disabilities from grades Pre-Kindergarten through 8. (*Id.* § 15.) Dr. Hill's contract as Rudolph's principal runs from July 1, 2023 through June 30, 2027. (*Id.* § 16.)

The Board solely selected Hearing Officer Meyers on March 13, 2025 at 3:00 p.m. at which point the statutory timeline for hearing commencement and conclusion started. 105 ILCS 5/34-85(a)(5). (*Id.* § 17.)

On April 16, 2025 at 4:23 p.m., the Board suggested to Hearing Officer Meyers to schedule a pre-hearing conference to help explain the process and select a hearing date. (*Id.* § 18.) Pursuant to 23 Illinois Administrative Code 51.55(c), no later than 10 days after being

3

selected as the hearing officer, the hearing officer shall convene a pre-hearing conference with the parties for the purpose of, among other things, setting a schedule. On or before March 23, 2025, the pre-hearing conference did not convene. (*Id.* § 19.)

Dr. Hill requested the rules in writing from Hearing Officer Meyers that would govern the Principal Dismissal Hearing on April 17, 2025 at 7:44 a.m. and 3:07 p.m. and April 22, 2025 at 10:41 a.m. (*Id.* § 20.) Dr. Hill has not been provided the rules. (*Id.*) Further, Dr. Hill has not been provided her due process rights. (*Id.*)

On April 17, 2025 at 3:07 p.m., Dr. Hill communicated with Hearing Officer Meyers and the Board that she would not meet for the pre-hearing conference on Monday, April 21, 2025. (*Id.* § 21.) In her communication, Dr. Hill requested the rules in writing and any and all evidence from the Board pertaining to her case. (*Id.*) Upon receipt of requested documentation, Dr. Hill would thoroughly review the documentation and prepare questions. (*Id.*) Dr. Hill communicated we can schedule a pre-hearing conference at that time. (*Id.*)

On April 21, 2025 (39 days after the Hearing Officer was selected), Defendants met for a pre-hearing conference which resulted in the Hearing Officer executing an order scheduling the hearing for March 3 and March 4, 2026 in direct violation of 105 ILCS 5/34-85(a)(5) and 23 Ill. Adm. Code § 51.40(b)(1). (*Id.* § 22.) The hearing officer shall commence the hearing within 75 calendar days and conclude the hearing within 120 calendar days after being selected by the parties as the hearing officer. (*Id.*) On or before May 27, 2025, the hearing did not commence and on or before July 11, 2025, the hearing did not conclude. (*Id.*) Dr. Hill did not attend the pre-hearing conference on April 21, 2025 at 10:30 a.m. (*Id.* § 23.)

Pursuant to 23 Illinois Administrative Code 51.55(c), the schedule shall be contained in the hearing officer's order that reflects the action taken at the conference and include:

4

- The deadline for the tenured teacher's answer and any affirmative defenses to the bill of particulars or charges and specifications submitted pursuant to subsection (b) of this Section and for the updating of that information after pre-hearing discovery;
- A schedule for discovery, including any written interrogatories and requests for production of documents;
- The deadline for initial disclosures and updated disclosures to be sent to the other party, which deadline may be no later than 10 days prior to the commencement of the hearing (see Sections 24-12(d)(6) and 34-85(a)(5)); and
- The dates, times and locations of any subsequent pre-hearing conferences, as needed.

(*Id.* § 24.) The Hearing Officer is responsible for creating the scheduling order and managing the hearing process. (*Id.* § 25.)

On April 22, 2025 at 1:11 p.m., the Board created and sent the Initial Scheduling Order to Hearing Officer Meyers and Dr. Hill that inaccurately reflects Tenured Teacher Dismissal Proceeding and falsely states that both parties mutually agree to waive the hearing and commencement timelines contained in 105 ILCS 5/34-85(a)(5). (*Id.* § 26.) The Initial Scheduling Order does not reflect a date. (*Id.*)

On May 12, 2025 at 2:43 p.m., the Board created and sent the Second Scheduling Order to Hearing Officer Meyers and Dr. Hill that inaccurately reflects Tenured Teacher Dismissal Proceeding and falsely states that both parties mutually agree to waive the hearing and commencement timelines contained in 105 ILCS 5/34-85(a)(5). (*Id.* § 27.) The Second Scheduling Order does not reflect a date. (*Id.*)

On June 9, 2025 at 9:10 a.m., the Board created and sent the Third Scheduling Order to

5

Hearing Officer Meyers and Dr. Hill that inaccurately reflects Tenured Teacher Dismissal Proceeding and falsely states that both parties mutually agree to waive the hearing and commencement timelines contained in 105 ILCS 5/34-85(a)(5). (*Id.* § 28.) Hearing Officer Meyers signed and dated the Scheduling Order on June 9, 2025 at 1:30 p.m. (*Id.*)

On August 4, 2025 at 12:24 p.m., the Board created and sent the Fourth Scheduling Order to Hearing Officer Meyers with the correct caption for Hearing Officer Meyers to sign. This updated order falsely states that both parties mutually agree to waive the hearing commencement and conclusion timelines contained in 105 ILCS 5/34-85(a)(5). (*Id.* § 29.) The Fourth Scheduling Order does not reflect a date. (*Id.*)

On September 19, 2025 at 10:38 a.m., the Board followed up with Hearing Officer Meyers regarding the fourth Scheduling Order. (*Id.* § 30.) Dr. Hill has not received a valid, signed and properly dated Scheduling Order. (*Id.* § 31.)

On January 21, 2026 at 11:13 a.m., Dr. Hill communicated to the Board and Hearing Officer Meyers that they are outside of the timeline to commence and conclude the hearing pursuant to 105 ILCS 5/34-85(a)(5). (*Id.* § 32.)

On January 30, 2026 at 1:51 p.m., Dr. Hill filed a Motion to Dismiss the Principal Dismissal Hearing with the Defendants. (*Id.* § 33.) On January 30, 2026 at 2:54 p.m., the Board acknowledged receipt of Dr. Hill's Motion to Dismiss. (*Id.* § 34.) The Board stated they will respond by Monday as its thoughts on whether a response is necessary and timing of such response, if needed. (*Id.*)

On February 2, 2026 at 1:55 p.m., the Board requested to file a response to Dr. Hill's

6

Motion to Dismiss by February 13, 2026. (*Id.* § 35.) On February 2, 2026 at 3:36 p.m., Hearing Officer Meyers executed an order for the Board to respond to Dr. Hill's Motion to Dismiss by February 13, 2026. (*Id.* § 36.)

On February 13 at 1:59 p.m., the Board responded to Dr. Hill's Motion to Dismiss. (*Id.* § 37.) The Board filed a Motion *In Limine* to Exclude Irrelevant Evidence at the Time of Hearing and Motion to Bar Dr. Hill from Presenting Evidence at the Time of Hearing for Failure to Comply with the Scheduling Order. (*Id.*)

On February 11, 2026 at 11:47 a.m., Dr. Hill filed a Motion to Confirm Applicable Rules with the Defendants. (*Id.* § 38.) On February 12, 2026 at 5:02 a.m., Hearing Officer Meyers executed an order for oral argument on Dr. Hill's motion set for March 3, 2026 to be conducted before the start of the Principal Dismissal Hearing which is scheduled for March 3 and March 4, 2026 commencing at 9:00 a.m. (*Id.* § 39.)

On February 12, 2026 at 12:21 p.m., the Board requested that its response to Dr. Hill's Motion to Dismiss be considered as its response to Dr. Hill's Motion to Confirm Applicable Rules. (*Id.* § 40.) On February 18, 2026 at 10:51 a.m., Hearing Officer Meyers communicated to the Board that you may rely on the responses already filed that address the issue. (*Id.* § 41.)

The Defendants have elected not to comply with the Illinois School Code (105 ILCS 5/34-85) and the Illinois Administrative Code (23 Ill. Adm. Code 51). (*Id.* § 42.) Their continuous actions and the lack thereof proves there was never any intention to comply with statutory timelines. (*Id.*)

The Defendants have committed multiple procedural defects throughout this principal

7

dismissal proceeding. (*Id.* § 43.) The Scheduling Order was an agreement between the Defendants to violate Dr. Hill's due process rights protected under the Illinois and U.S. Constitution; thus, making the order void, unenforceable and unlawful. (*Id.* § 44.)

There is no evidence on the part of the Defendants that corroborates their false statement that the parties mutually agree to waive hearing commencement and conclusion timelines contained in 105 ILCS 5/34-85(a)(5). (*Id.* § 45.)

The Defendants cannot produce a mutual waiver of rights agreement. (*Id.* § 46.) Dr. Hill has signed an affidavit stating she did not enter into a mutual waiver of rights agreement with the Defendants. (*Id.*) According to 105 ILCS 5/34-85(a)(9), Dr. Hill can only waive her right in writing. (*Id.*)

As of February 23, 2026, it is impossible for the Defendants to comply with 105 ILCS 5/34-85(a)(5) and 23 Ill. Adm. Code § 51.40(b)(1). (*Id.* § 47.)

The Defendants have broken the law (105 ILCS 5/34-85(a)(5) and 23 Ill. Adm. Code § 51.40(b)(1)). (*Id.* § 48.) The Defendants (in breaking the law 105 ILCS 5/34-85(a)(5) and 23 Ill. Adm. Code § 51.40(b)(1)) have violated Dr. Hill's state and federal due process rights. (*Id.* § 49.)

Hearing Officer Meyers scheduled Dr. Hill's Motion to Confirm Applicable Rules on March 3, 2026 in an attempt to force Dr. Hill to participate in the Principal Dismissal Hearing. (*Id.* § 50.) In doing so, Dr. Hill would be mutually agreeing to waive her right to due process. (*Id.*)

Upon Plaintiff's investigation and on information and belief, it appears hearing officers are operating without oversight from the Illinois State Board of Education. (*Id.* § 51.)

As a result of Dr. Hill's state and federal due process rights being violated, there is in

fact a material breach of Dr. Hill's Uniform Principal Performance Contract with the Board. (*Id.* § 52.) State law and Dr. Hill's contract require adherence to specific procedures outlined in 105 ILCS 5/34-85. (*Id.* § 53.)

## ARGUMENT

A temporary restraining order is appropriate if "it clearly appears that specific facts shown by affidavit or by the verified complaint that immediate and irreparably injury, loss, or damage will result to the applicant [.]" 735 ILCS 5/11-101; *Bd. of Ed. of Kankakee Sch. Dist. No. 111 v. Kankakee Fed'n of Teachers Local No. 886*, 46 Ill.2d 439, 446, 264, N.E.2d 18, 22 (1970). In order to establish entitlement to preliminary injunctive relief, the moving party must show that (1) he or she possesses a clearly ascertained right which needs protection, (2) he or she will suffer irreparable harm without the injunction, (3) there is no adequate remedy at law for her injury, and (4) he or she is likely to be successful on the merits of her action. *City of Kankakee v. Dep't of Revenue*, 2013 IL App (3d) 120599, ¶ 17, 988 N.E.2d 723, 731. The applicant for a temporary restraining order need only raise a fair question about the existence of her right and that the court should preserve the status quo until the cause can be decided on the merits. *Stocker Hinge Mfg. Co. v. Darnel Indus., Inc.*, 94 Ill. 2d 535, 542, 447 N.E.2d 288, 2991 (1983).

Should Defendant be permitted to proceed with the Principal Dismissal hearing against Dr. Hill, the Principal Dismissal Hearing would violate the applicable regulations governing qualifications and selection of hearing officers, 23 IAC § 51.40(b)(1), Dr. Hill's right to due process under both the Illinois and U.S. Constitution, and the statute governing the removal of principals, 105 Ill. Comp. Stat. Ann. 5/34-85. Further, such actions by the Defendant will result in irreparable harm to Dr. Hill in the form of deprivation of her constitutional rights, a loss of the non-economic benefits of her job as an educator, and damage to her reputation. By contrast,

requiring CPS to proceed in a manner consistent with due process and the law would result in, at most a temporary inconvenience to CPS while ensuring that the rights of Dr. Hill are fully respected.

## I. Dr. Hill Are Likely To Succeed On The Merits Of Her Claims.

"To establish a likelihood of success, [a movant] need only raise a fair question regarding the existence of a claimed right and a fair question that she will be entitled to the relief prayed for if the proof sustains the allegations." *Kalbfleisch ex rel. Kalbfleisch v. Columbia Cmt. Unit Sch. No. 4*, 396 Ill. App. 3d 1105, 1114, 920 N.E.2d 651, 660 (5th Dist. 2009).

### A. CPS' Failure to Conduct its Principal Dismissal Hearing in Accordance with Written Rules Violates the Relevant Regulations.

Pursuant to 23 Illinois Administrative Code § 51.40(b)(1), CPS was required to use set rules to determine qualifications and selection of hearing officers. As a condition of service, the hearing officer must be available to commence the hearing within 75 days and conclude the hearing within 120 days after being selected as hearing officer (Section 24-12(d) of the School Code); thus requiring both the Defendants to mutually agree to be available to commence the hearing in accordance with statutory timelines. Despite Dr. Hill's request that CPS provide her with the rules under which her Principal Dismissal Hearing will be conducted, CPS has failed to do so. Further, CPS' failure to follow the rules required by 23 Illinois Administrative Code § 51.40(b)(1) means that any Principal Dismissal Hearing against Dr. Hill which could result in her termination would be improper and in violation of Illinois state law. *See* 23 IAC § 51.40(b)(1).

### B. The Principal Dismissal Hearing Will Result in a Violation of Dr. Hill's Right to Due Process Under the Illinois and United States Constitution.

Pursuant to the Due Process Clause of the Illinois Constitution, "No person shall be deprived of life, liberty or property without due process of law." Ill. Const. Art. 1, § 2. "The

constitutional guarantees of due process are viewed as generally the same under both the Illinois and federal constitutions." *Gibbs v. Estate of Dolan*, 146 Ill. App. 3d 203, 206, 496 N.E.2d 1126, 1128 (1986). However, "[t]he Illinois Constitution's guarantees of due process and equal protection stand separate and independent from the federal guarantees of those rights," *Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 79, 991 N.E.2d 745, 765, and "[t]he Illinois Constitution provides broader rights of due process than the United States Constitution." *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 982, 713 N.E.2d 754, 762 (App. 1999) (citations omitted).

"[P]rocedural due process claims encompass a two-step analysis. The court must first determine whether plaintiff has been deprived of a protectible property or liberty interest. If plaintiff has been deprived of such an interest, the court must then determine what process is constitutionally due." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 8 F. Supp. 2d 779, 781 (N.D. Ill. 1998) (citations omitted).

1. Dr. Hill Has a Protectable Property Interest.

"The Supreme Court has long recognized that a public employee can have a constitutionally protected property interest in continued employment." *Baird v. Bd. of Edu. for Warren Cmty. Unit Sch. Dist. N. 205*, 389 F.3d 685, 690 (7th Cir. 2004) (*Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Colburn v. Tr. of Indiana Univ.*, 973 F.2d 581. 589 (7th Cir. 1992). Because it amounts to the equivalent of a loss of this property interest, a government employee threatened with suspension without pay and termination has a due process claim. *See Crim v. Bd. of Educ. of Cairo Sch. Dist. No. 1*, 147 F.3d 535, 546 (7th Cir. 1998) (quoting *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993)); *see also Van Harken*, 305 Ill. App. at 982 ("The Illinois Constitution provides broader rights of due process than the

11

United States Constitution."). Dr. Hill's contract runs through 2027. Dr. Hill, therefore, has a protectable property interest that its threatened by the Principal Dismissal Hearing.

### 2. CPS's Principal Dismissal Hearing Does Not Meet the Requirements of Due Process

The Principal Dismissal hearing does not meet the requirements of due process. Significantly, Defendants knew at the outset that Dr. Hill's suspension would last for more than a year. *Bd. of Edu. of City of Chicago v. Van Kast*, 253 Ill. App. 3d 295, 625 N.E.2d 206 (1993) (court found school board in violation of due process for suspending the principal without resolution for over a year). Defendants entered into an agreement that was in direct violation of the Illinois Administrative Code and Illinois School Code. The Scheduling Order was an agreement between the Defendants to violate Dr. Hill's due process rights protected under the Illinois and U.S. Constitution; thus, making the order void, unenforceable and unlawful. Defendants cannot produce a mutual waiver of rights agreement. Dr. Hill has signed an affidavit stating she did not enter into a mutual waiver of rights agreement with the Defendants. Dr. Hill can only waive her right in writing. *See* 105 ILCS 5/34-85(a)(9)

[A]dministrative bodies have only such powers as are conferred upon them by statute or ordinance." *Homefinders, Inc. v. City of Evanston*, 65 Ill. 2d 115, 129, 2 Ill.Dec. 565, 357 N.E.2d 785 (1976). Since an administrative agency is a creature of the legislative body from which it derives its existence and authority, any acts or orders that are unauthorized by the enabling statute or ordinance are void (*Id.*) CPS's failure to comply with statutory requirements means that its termination process, including the Principal Dismissal Hearing, is improper.

### II. CPS' Actions Will Result in Irreparable Harm to Dr. Hill.

Should CPS proceed with the Principal Dismissal Hearing and terminate Dr. Hill, Dr. Hill will incur multiple forms of irreparable harm. Initially, "irreparable harm is presumed to flow

12

from a constitutional violation which is not fully compensable by monetary damages." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 8 F. Supp. 2d 779, 789 (N.D. Ill. 1998) (citing *Hamlyn v. Rock Island County Metropolitan Mass Transit District*, 960 F. Supp. 160, 162 (C.D.Ill.1997); *Tanford v. Brand*, 883 F. Supp. 1231, 1237 (S.D.Ind.1995) 1237; 11 Wright and Miller, Injunctions § 2944, p. 94 (1973)). Further, Dr. Hill is being deprived "the non-economic benefits associated with her position," such as "job satisfaction, professional growth and development, service to the community and professional advancement," which are not fully compensable through the award of monetary damages. *Id.*; *see also Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 692 (7th Cir. 2004) ("'[E]mployment, especially in a career such as education, is more than a way to make money; it is a profession with significant non-monetary rewards,' and consequently money damages may be a 'hollow victory.'") (quoting *Banks v. Burkich*, 788 F.2d 1161, 1164 (6th Cir. 1986)).

Finally, the Principal Dismissal Hearing would seriously damage the reputation Dr. Hill has built over the course of her long career in education. *Alf v. Donley*, 666 F. Supp. 2d 60, 70 (D.D.C. 2009) ("[I]njury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.") (citing 11A Wright, Miller & Kane, Fed. Prac. & Proc. § 2948.1).

### III. The Balance of Harms Favors Dr. Hill.

As opposed to the irreparable harms that will be suffered by Dr. Hill absent an injunction, the costs of an injunction to CPS will be minimal. And to the extent there is any ascertainable harm to CPS, such harm is outweighed by the harm to Plaintiff particularly when, as here, the harm is due to CPS' failure to follow with its constitutional and statutory obligations.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully request that the Court enter temporary restraining order enjoining Defendants from:

a. Terminating Dr. Hill's employment without adequate due process of law;

b. Conducting or holding any hearing, including the Principal Dismissal Hearing scheduled for March 3 and March 4, 2026, that could result in Dr. Hill's termination until Defendant produces a mutual waiver of rights agreement or otherwise dismiss the Principal Dismissal Hearing with prejudice; and

c. Any other relief this court may deem appropriate.

Date: February 23, 2026                 Respectfully submitted,

/s/ Dr. Dawn Hill

Dr. Dawn Hill
5107 West Wellington
Chicago, Illinois 60641
(773) 726-0049